Minute Order Form (06-97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 7445 | DATE | 5/11/2000 |
| CASE TITLE | Unique Coupons, Inc. vs. Northfield Corporation | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ☒ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Unique's motion to dismiss is GRANTED in part and DENIED in part. Counts I, IV, VI, and VII of Northfield's counterclaim are dismissed. Counts II, III, V, and VIII of Northfield's counterclaim remains. Status hearing set for June 13, 2000 at 9:00 a.m.

(11) ☒ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required | | | |
| | Notices mailed by judge's staff. | | MAY 16 2000 date docketed | |
| | Notified counsel by telephone | | | 28 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form | | | |
| | Copy to judge/magistrate judge. | | MAY 16 2000 date mailed notice | |
| WAP | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAY 11 2000

Judge Harry D. Leinenweber
U. S. District Court

UNIQUE COUPONS, INC.,

    Plaintiff,

v.

NORTHFIELD CORPORATION,

    Defendant.

Case No. 99 C 7445

Judge Harry D. Leinenweber

DOCKETED
MAY 16 2000

## MEMORANDUM OPINION AND ORDER

This is a patent infringement action brought by Unique Coupons, Inc. ("Unique") against Northfield Corporation ("Northfield"). Before the Court is Unique's motion to dismiss Northfield's counterclaims, pursuant to Fed. R. Civ. P. 12(b)(6).

### BACKGROUND

The underlying action involves Unique's contention that Northfield's Model 3200 coupon inserter infringes two of Unique's patents, No. 5,079,901 ("the '901 patent") and No. 5,588,280 ("the '280 patent"). Northfield now brings eight counterclaims against Unique, chiefly based on alleged representations made by Unique to Northfield's customers that the Model 3200 infringes its patents and that Unique would sue anyone who bought or used the Model 3200. (Counterclaims, ¶¶ 16, 18). More specifically, Northfield alleges, via responsive brief, that Unique made public statements claiming Northfield is violating an earlier injunction won by Unique as to



Northfield's Model 1600 coupon inserter, and that the Model 3200 is subject to that earlier injunction. (Def. Resp. at 7, n.1). Unique seeks to dismiss all of Northfield's counterclaims.

## DISCUSSION

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits. See Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). As such, the court accepts the factual allegations of the complaint as true and draws all reasonable inferences in favor of the claimant. See Travel All Over The World v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996). A claim will be dismissed if it is beyond doubt that under no set of facts would the claimant's allegations entitle him to relief. Id. at 1429-30. In accordance with these standards, Unique's motion to dismiss is granted in part and denied in part.

### Count I

In Count I of Northfield's counterclaims, Northfield seeks a declaration of invalidity and non-infringement as to four U.S. patents owned by Unique: No. 5,079,901 ("the '901 patent"), No. 5,588,280 ("the '280 patent"), No. 5,784,861 ("the '861 patent"), and No. 5,941,053 ("the '053 patent"). Insofar as Count I seeks a declaration of invalidity and unenforceability of the '901 and '280 patents, that claim is dismissed because the exact issue was previously litigated and resolved in favor of Unique in a prior litigation between the same parties. See

Northlake Marketing & Supply, Inc. v. Glaverbel, S.A., 986 F. Supp. 471, 475 (N.D. Ill. 1997) (setting forth the elements of issue preclusion). During the course of an earlier litigation between Unique and Northfield regarding Northfield's Model 1600 coupon inserter, Judge Marovich clearly held the '901 and '280 patents to be valid and enforceable. (Marovich Mem. Op. and Order at 14). Therefore, the issue of invalidity and enforceability of the '901 patent and the '280 patent cannot be re-litigated here, regardless of the fact that this case is about the Model 3200. See Zip Dee, Inc. v. Dometic Corp., 905 F. Supp. 535 (N.D. Ill. 1995)(barring re-litigation of the issue of invalidity of a patent in a subsequent action even though defendant offers rationales not offered during the previous case).

Count I as to the '861 patent and the '053 patent - the patents that were not at issue in the earlier litigation - is also dismissed for lack of subject matter jurisdiction. A district court has jurisdiction over a declaratory judgment action if, ultimately, the party seeking declaratory judgment demonstrates an objectively reasonable apprehension of being hauled into court. BP Chemicals Ltd. v. Union Carbide Corp., 4 F.3d 975, 979 (Fed. Cir. 1993).

In this case, the only basis for Northfield's belief that it will be sued over the '861 and '053 patents is Unique's "piecemeal" litigation history with respect to the '901 and '280 patents. (Def. Resp. at 5). But that is not enough. Northfield fails to

explain how the '861 and '053 patents relate at all to the '901 and '280 patents, the issues in this litigation, or the issues in the prior "piecemeal" litigations. Therefore, without a showing of an objectively reasonable apprehension on the part of Northfield, Count I as to the '861 patent and '053 patent must be dismissed.

## Scope of the Allegations

In Counts II through VIII, Northfield alleges a variety of federal and state unfair trade practices. These claims are based on Unique's allegedly false statements that the Model 3200 infringed Unique's patents. In response to Unique's motion to dismiss, Northfield further claims that Unique made public statements to the effect that Northfield is violating a permanent injunction issued in a prior action regarding Northfield's Model 1600 coupon inserter, and that the Model 3200 is subject to that prior injunction. (Def. Resp. at 7, n. 1).

As an initial matter, the Court finds that Northfield's additional allegations made in its responsive brief can be considered in addressing this motion to dismiss. A claimant need not put all of the essential facts in his or her complaint. Hentosh v. Herman M. Finch University of Health Sciences, 167 F.3d 1170, 1173 n.3 (7th Cir. 1999). The claimant may add them by affidavit or brief in order to defeat a motion to dismiss if such facts are consistent with the allegations in the complaint. Id. Here, because Northfield's additional allegations offered in

response to the motion to dismiss comport with the allegations initially made in the counterclaims, they will be considered in deciding this motion to dismiss.

**Noerr-Pennington Doctrine**

Taking into account the additional allegations contained in Northfield's responsive pleading, the Court finds that Unique cannot rely upon the Noerr-Pennington doctrine to dispose summarily the rest of Northfield's counterclaims. The Noerr-Pennington doctrine, first recognized in the context of federal antitrust cases, grants a party immunity from various federal, state, or common law unfair trade practices actions based on that party's solicitation of governmental action, including the initiation of lawsuits. See Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127 (1961); United Mine Workers v. Pennington, 381 U.S. 657 (1965). Some courts have extended this doctrine to immunize activity merely incident to or attendant upon the right to initiate litigation, such as communications with potential parties and third-parties. See, e.g., Coastal States Marketing, Inc. v. Hunt, 694 F.2d 1358 (5th Cir. 1983). Recently, however, the Tenth Circuit has cast serious doubt as to whether the doctrine can be extended to such pre-litigation publicity in contexts not implicating federal antitrust laws. Cardtoons L.C. v. Major League Baseball Players Assoc., ___ F.3d ___, 2000 WL 358414, at *4 (10th Cir. April 7, 2000).

Regardless of the ultimate implications of the relevant case law, however, the Court finds that Northfield's allegations can fairly be read to avoid triggering the Noerr-Pennington doctrine in the first place. According to Northfield's response to Unique's motion, Northfield's unfair trade practices claims are based upon Unique's alleged public statements that Northfield's Model 3200 was enjoined in the previous litigation between the parties. If that is the case, then Northfield does not seek to impose liability for any action incident to or attendant future litigation, but for misrepresentations as to the content and import of past litigation. Drawing all inferences and ambiguities in favor of the claimant, <u>Travel All Over the World, Inc.</u>, 73 F.3d at 1428, the Court cannot conclude at this juncture that the Noerr-Pennington doctrine, even if unambiguously applicable in these contexts, can shield Unique. Therefore, the Court will now examine the merits of the individual claims on their own terms.

### Count II

Unique takes no issue with the merits of Count II, Northfield's counterclaim for unfair competition under the Lanham Act, 15 U.S.C. § 1125(a). Accordingly, Count II survives the motion to dismiss.

### Counts III and VIII

In Count III, Northfield alleges that Unique's misrepresentations with respect to the Model 3200 disparage

Northfield's product, and have caused or is likely to cause Northfield's customers to be deceived as to the nature, origin, and character of the Model 3200, all in violation of the Illinois Uniform Deceptive Trade Practices Act. 815 ILCS 510/2. Count VIII recites the same allegations but under common law. The parties appear to agree that the common law claim will fall or stand with the statutory claim. (See, e.g., Def. Resp. at 8-9).

The Court finds that these claims are sufficiently pled. The Uniform Deceptive Trade Practices Act allows claims for both "misleading trade identification or deceptive advertising" as well as for disparagement of claimant's goods and services by false and misleading representations of fact. 815 ILCS 510/2(2) and (8); see Lynch Ford, Inc. v. Ford Motor Co., Inc., 957 F.Supp. 142, 147 (N.D.Ill. 1997). Essentially, any conduct in a business which creates a likelihood of consumer confusion or misunderstanding is potentially actionable under the statute. Unique Concepts, Inc. v. Manuel, 669 F. Supp. 185, 191 (N.D. Ill. 1987).

In this case, Northfield alleges that Unique represented to Northfield's customers that the Model 3200 was subject to the prior injunction; a statement, which, if proven, can be deemed a false statement designed to mislead the customers into believing that purchasing a Model 3200 would expose them to infringement liability. That is sufficient at this stage to survive a motion to dismiss.

## Count IV

Count IV purports to state a claim under Illinois's Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/2, again based on Unique's representations regarding the Model 3200. Northfield's claim, however, must be dismissed pursuant to Federal Rule of Civil Procedure 9(b). Claims under the Consumer Fraud Act are subject to the heightened pleading standard under Rule 9(b). Gallagher Corp. v. Massachusetts Mut. Life Ins. Co., 940 F. Supp. 176, 180 (N.D. Ill. 1996). Compliance with Rule 9(b) requires the allegation of the who, the what, the where and the when of the alleged fraud or misrepresentation. See Goren v. New Vision International, Inc., 156 F.3d 721, 730 (7th Cir. 1998). Here, Northfield's allegations are too conclusory; there is no indication of who said what and when and how. Accordingly, the Consumer Fraud Act claim is dismissed.

## Count V

In Count V, Northfield alleges tortious interference with business relationship based on the same statements regarding the Model 3200 coupon inserter. In order to state a claim for tortious interference, the claimant must show (1) a reasonable expectation of entering into a valid business relationship; (2) the defendant's knowledge of the claimant's expectancy; (3) purposeful interference by the accused that prevents the claimant's legitimate expectancy from ripening into a valid business relationship; and (4) damages

to the plaintiff resulting from such interference. International Marketing, Ltd. v. Archer-Daniels-Midland Co., 192 F.3d 724, 731 (7th Cir. 1999).

In this case, Unique does not take issue with whether Northfield has met the elements, but rather asserts the privilege of competition. However, privilege is an affirmative defense. Id. And nothing on the face of the counterclaim so clearly indicates the existence of the defense that would warrant this Court to dismiss the claim without putting Unique to its proof. Contrast Id. In fact, Northfield has alleged that Unique's representations regarding the Model 3200 coupon inserter and the scope of the prior injunction was malicious and knowingly false. (Counterclaims, ¶¶ 16, 17); Int'l Marketing, Ltd., 192 F.3d at 731 ("a competitor is ineligible for the competition defense if its conduct is motivated solely by spite or ill will"). That is enough to state a claim for tortious interference with business relationship.

### Count VI

Count VI is Northfield's claim for trade libel per se or, in the alternative, per quod. Under Illinois common law, statements are libelous per se if they constitute "a serious charge of incapacity or misconduct in words so obviously and naturally harmful that proof of their injurious character can be dispensed with." Quilici v. Second Amendment Foundation, 769 F.2d 414 (7th Cir. 1985). Northfield's paraphrase of Unique's alleged

statements, however, fails to state a cause of action for libel <u>per se</u>. Northfield claims that Unique publicly represented that the Model 3200 is subject to the prior injunction. However, such statements can be innocently construed to mean that Northfield was mistaken about the scope of the prior injunction – not that Northfield purposefully or maliciously defied the prior injunction. <u>See</u> <u>Darvoec Marketing Group, Inc. v. Bio-Genics, Inc.</u>, 42 F.Supp.2d 810, 815 (N.D. Ill. 1999) ("no cause of action [for libel <u>per se</u>] will exist if the statement can also reasonably be given an innocent construction."). Therefore, without a showing that statements seriously impinge the integrity of Northfield as a business, its claim for libel <u>per se</u> is dismissed.

Northfield also does not state a claim for libel <u>per quod</u>. Statements are libelous <u>per quod</u> if they are found to be damaging by extrinsic facts or innuendo. <u>Audition Div., Ltd. v. Better Business Bureau, Inc.</u>, 120 Ill. App.3d 254 (1983). However, Northfield's counterclaim is devoid of allegations of special extrinsic facts that would render the alleged statements so libelous. Accordingly, Count VI is dismissed in its entirety.

### Count VII

Finally, the Court finds that Northfield also fails to state a cause of action for commercial disparagement in Count VII. Statements are considered commercially disparaging if they (1) "accuse a businessman of outright dishonesty or reprehensible

business methods in connection with his goods," or (2) disparage the quality of his goods or services. <u>Unique Concepts, Inc. v. Manuel</u>, 669 F. Supp. 185, 190 (N.D. Ill. 1987). But as discussed above, a reasonable construction of Unique's alleged statements does not singularly point to a charge of reprehensible conduct. <u>See</u> <u>Id</u>. (dismissing claim for commercial disparagement where statements could be reasonably construed to mean something other than a charge of reprehensible conduct). Furthermore, Unique's alleged statements are about the source of the technology for the Model 3200 and do not go to disparaging the quality of the Model 3200. Accordingly, Count VII for commercial disparagement is dismissed.

## CONCLUSION

For the reasons stated above, Unique's motion to dismiss is GRANTED in part and DENIED in part. Counts I, IV, VI, and VII of Northfield's counterclaims are dismissed. Counts II, III, V, and VIII of Northfield's counterclaims remain.

**IT IS SO ORDERED.**

                                          Harry D. Leinenweber, Judge
                                          United States District Court

Date: May 11, 2000