## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7445 | **DATE** | 10/23/2000 |
| **CASE TITLE** | Unique Coupons Inc. vs. Northfield Corporation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 16 Nov. 00 at 9:00 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court grants in part and denies in part the parties' cross motions for summary judgment. The Court finds no issue of material fact as to contributory literal infringement and the Court grants summary judgment in favor of Northfield as to that issue only. Summary judgment as to both parties is denied with respect to contributory infringement under the doctrine of equivalents.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | OCT 24 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 57 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING 00 OCT 23 PM 3:26 | OCT 24 2000 date mailed notice | |
| WAP | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

Minute Order Form (06/97)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
OCT 23 2000
Judge Harry D. Leinenweber
U. S. District Court

UNIQUE COUPONS, INC.,

    Plaintiff,

v.

NORTHFIELD CORPORATION,

    Defendant.

99 C 7445

Judge Harry D. Leinenweber

DRAFTED
OCT 24 2000

## MEMORANDUM OPINION AND ORDER

This is a patent infringement suit brought by Unique Coupons, Inc. ("Unique") against Northfield Corporation ("Northfield"). Unique contends that Northfield's Model 3200 coupon insertion machine infringes two of Unique's patents, U.S. Patent Nos. 5,079,901 ("the '901 patent") and 5,588,280 ("the '280 patent"). Both parties now move for summary judgment as to infringement.

## BACKGROUND

The following facts are taken from the parties' Local Rule 56.1 submissions. Unique and Northfield are in the business of providing packaging equipment and supplies, including machinery that inserts coupons and other promotional materials into packages. The '901 and '280 patents pertain to methods by which such coupons or promotional materials are quickly and accurately inserted in high volume packaging operations. Specifically, the patented method works with a continuous web or bandolier of coupons,

connected to one another by a perforated edge, that are "burst," one-by-one, into a steady stream of packages. At issue in this case is Claim 1 of the '901 patent and Claim 20 of the '280 patent.

These very claims have already been the subject of prior litigation between Unique and Northfield. Prior to the initiation of the present case, Unique claimed Northfield's Model 1600 coupon insertion machine infringed the '901 and '280 patents. The Model 1600 "burst" coupons into containers as they moved along on a conveyor belt in a continuous stream past a predetermined point of insertion. In the course of that litigation, the district court held both '901 and '280 patents valid and enforceable. *Unique Coupons, Inc. v. Menasha Corp.*, No. 96 C 7532, slip op. at 4 (N.D. Ill. Aug. 30, 1999)("*King Order*"). The court also construed the relevant claims. *Id.* at 11-12, 18. The court found that both claims described the insertion process as consisting of six distinct steps, the first step being the generation of a "timing signal" based on the location of the particular package or container receiving the coupon. *Id.* This timing signal triggers the initiation of subsequent steps, ultimately resulting in the placement of a coupon into the package or container. (*Id.* at 11-12). After a bench trial, the court held that Northfield's Model 1600 infringed under the doctrine of equivalents.

Prior to the conclusion of the Model 1600 litigation, Northfield developed and marketed the Model 3200. The Model 3200,

- 2 -

however, was never made a part of the previous case. Unlike the Model 1600, the Model 3200 was designed specifically to work with "vertical form, fill and seal" machines and is not a stand-alone device. Vertical form, fill, and seal machines are used to package certain goods – such as chips and ready-made salads – in sealed plastic bags. The machines form, fill, and seal plastic bags of goods in high volume. In order for the Model 3200 to dispense coupons, it must be linked with a customer's form, fill and seal machine. The form, fill, and seal machine wholly controls when the Model 3200 will "burst" a coupon for insertion into a package via a signal to the Model 3200. Unique contends that the Model 3200, like the Model 1600, infringes Claim 1 of the '901 patent and Claim 20 of the '280 patent.

## DISCUSSION

Summary judgement is only appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Given the posture of this case, the actual contested issues before the Court are, happily, narrow. First, as it was already pointed out in two earlier decisions by this Court, the question of validity as to the two patents has already been fully and fairly litigated between Unique and Northfield, and, therefore, cannot be revisited here. *See Zip Dee, Inc. v. Dometic Corp.*, 905 F. Supp. 535 (N.D. Ill. 1995)(barring re-litigation of the issue of

invalidity of a patent in a subsequent action even though defendant offers rationales not offered during the previous case). Northfield's yet another attempt to beat this dead horse, relying upon *Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1570 (Fed. Cir. 1993), is misplaced. *Mendenhall* dealt with the *stare decisis* effect of a prior decision on validity between the plaintiff and a different infringer. *Id.* The case did not dispense with traditional principles of issue preclusion as between the same parties. *See Caldera v. Northrop Worldwide Aircraft Services, Inc.*, 192 F.3d 962, 971 (Fed. Cir. 1999).

Second, since the court in the Model 1600 litigation also construed the very same claims at issue here, this Court may not interpret the terms again, but must simply apply the earlier findings here. *Del Mar Avionics, Inc. v. Quinton Instrument Co.*, 836 F.2d 1320, 1324 (Fed. Cir. 1987). Unique and Northfield are in apparent agreement that the issue of infringement turns on whether the Model 3200 can satisfy the "timing signal" element of both Claim 1 and Claim 20. Therefore, consistent with the finding of the previous court, this Court must understand "timing signal" to mean a signal based on the location of the particular package or container receiving the coupon. *King Order* at 11-12, 18.

Finally, since Unique does not contest Northfield's position that Model 3200 cannot, by itself, directly infringe the relevant claims, the only issue left to decide for purposes of the parties'

summary judgment motions is whether Northfield is liable for contributory infringement.

35 U.S.C. § 271(c) provides:

> Whoever sells . . . [an] apparatus for use in practicing a patented process, constituting a material part of the process, knowing the same to be especially made or especially adapted for use in an infringement of such patent . . . shall be liable as a contributory infringer.

Therefore, in order for Northfield to be held liable for contributory infringement, Unique must demonstrate (1) that the Model 3200, when used by Northfield's customers, directly infringes the '901 and '280 patents; (2) that the Model 3200 constitutes a material part of the patented invention; and (3) that Northfield knew that the Model 3200 was especially made or adapted for use in infringement of the patents. *Id.; see also Aro Manufacturing Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 483 (1964). Upon review of the submitted evidence, the Court finds that not all material issues of fact have been resolved.

The Court turns first to the issue of direct infringement by Northfield's customers. Direct infringement comes in two flavors: literal and equivalent. Literal infringement requires that the accused device possess each and every element of the relevant claims. *Novo Nordisk of North America, Inc. v. Genentech, Inc.*, 77 F.3d 1364, 1371 (Fed. Cir. 1996). Here, since the "timing signal" is the only contested element of both Claim 1 of the '901 patent

and Claim 20 of the '280 patent, in order for Unique to prevail on literal infringement, it must demonstrate that Northfield's customers' vertical form, fill and seal machines provide the Model 3200 with a "timing signal."

Unique, however, fails to demonstrate that Northfield's customers provide the Model 3200 with a "timing signal" as that term is literally understood in the '901 and '280 patents. Unique does not advance its case by stringing together, without context, any and all deposition testimonies that contain terms of temporality - such as "time" or "when" - in relation to the operation of the Model 3200. (Pltf. 56.1 Stmt. ¶ 32). As even Unique itself concedes, the "timing signal" is a signal that is keyed to the "location of the package or container." (Pltf. Mem. in Support at 6). But Unique points to no testimony, either by people at Northfield or by Northfield's customers, indicating that the signal that causes the Model 3200 to burst a coupon is based on the "location" of the plastic bag receiving the coupon. Instead, a review of the testimonies reveals that the signal may be keyed to a multiple number of things: it is sometimes keyed to the scale that measures and dumps the product into the plastic bag (Chryssogelos Dep. at 10-11), sometimes keyed to the knife that seals and cuts the plastic bags (Boehm Dep. at 50), sometimes keyed to when the product being packaged falls from the scale into the bag (Sorenson Dep. at 49-50), or sometimes keyed to a mix of

different factors. (Curtis Dep. at 11-12). As such, the Model 3200 cannot contribute to any literal infringement of the '901 and '280 patents and summary judgment for Northfield on that issue is appropriate.

On the other hand, factual questions abound as to whether Northfield's customers infringe under the doctrine of equivalents. Under the doctrine of equivalents, a device that does not literally infringe may nonetheless infringe if the elements of the accused device are equivalent to each of the claimed elements of the patented invention. *Warner-Jenkinson Co., Inc. v. Hilton Davis Chemical Co.*, 520 U.S. 17, 21 (1997). Elements are deemed equivalent if the patent holder demonstrates that the differences between the elements of the accused device and the elements of the relevant claims are only insubstantial. *Ethicon Endo-Surgery, Inc. v. United States Surgical Corp.*, 149 F.3d 1309, 1315 (Fed. Cir. 1998).

Here, neither party has successfully clarified how exactly Northfield's customers trigger the Model 3200 to dispense the coupons and whether such methods are equivalent to the '901 and '280 patents' timing signal. As noted above, the testimonies indicate that the signal that triggers the Model 3200 may be keyed to a variety of factors other than the location of the plastic bag. However, much of the testimony is so convoluted - not the least of which is due to counsel attempting to elicit specific terms and

phrases from the witnesses rather than a clear explanation – the Court cannot, with any certainty, determine the interplay between the customers' form, fill, and seal machines and the Model 3200. Therefore, the Court finds that resolution of the issue of infringement by equivalents must await trial.

## CONCLUSION

For the reasons stated, the Court grants in part and denies in part the parties' cross-motions for summary judgment. The Court finds no issue of material fact as to contributory literal infringement and the Court grants summary judgment in favor of Northfield as to that issue only. Summary judgment as to both parties is denied with respect to contributory infringement under the doctrine of equivalents.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: October 23, 2000